(20 P.3d 747)
No. 84,512

STATE OF KANSAS, *Appellee*, v. HERMAN E. ALLEN, *Appellant*.

Opinion filed April 6, 2001.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Richard A. Olmstead* and *Debra S. Peterson*, assistant district attorneys, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., BEIER, J., and DAVID PRAGER, Chief Justice Retired, assigned.

GREEN, J.: Herman Allen challenges the sentence imposed following a remand by this court to the trial court. The remand was to determine whether Allen received ineffective assistance of counsel regarding the inclusion of three battery convictions in his criminal history. The trial court refused to hear evidence on whether Allen's counsel fell below a reasonable standard of competence and denied his ineffective assistance claim. In addition, the remand was to determine if Allen could be sentenced under K.S.A. 1999 Supp. 21-4603d even though he was placed on parole by the State of

California. The trial court determined that although Allen was entitled to presumptive probation for his convictions for burglary and theft, Allen's parole in California allowed the trial court to sentence him to imprisonment despite his presumptive probation status.

Allen agreed to plead guilty to reduced charges of two counts of vehicular burglary and one count of felony theft, all severity level 9 felonies. The presentence investigation report revealed Allen had three municipal misdemeanor battery convictions. These convictions were aggregated into one person felony, increasing Allen's criminal history score from E to C. As a result, the trial court sentenced Allen to consecutive terms of 13 months, 7 months, and 6 months.

On remand from this court, the trial court refused to hear testimony on whether Allen received ineffective assistance of counsel regarding the inclusion of the battery convictions in his criminal history. Instead, the trial court construed Allen's prehearing motion as a proffer of evidence on his ineffective assistance of counsel claim. The trial court reviewed the journal entries of the three misdemeanor convictions and determined that they were correctly aggregated to enhance Allen's criminal history score. Based on that finding, the trial court determined that Allen could not satisfy the prejudice prong under the two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). As a result, the trial court denied Allen's claim of ineffective assistance of counsel.

First, Allen contends that he was denied effective assistance of counsel. Our standard of review is well established. Before this court will find that defendant was deprived of effective assistance of counsel, the defendant must prove that (1) counsel's performance was sufficiently deficient to render that performance below that guaranteed by the Sixth Amendment; and (2) counsel's deficient performance was sufficiently serious to prejudice the defense and deprive the defendant of a fair trial. *State v. Rice,* 261 Kan. 567, 599, 932 P.2d 981 (1997) (quoting *Strickland v. Washington,* 466 U.S. at 687). The ineffective assistance of counsel inquiry involves mixed questions of law and fact, which are subject to de novo review. *State v. Orr,* 262 Kan. 312, 321, 940 P.2d 42 (1997).

## Deficient Performance

Allen claims that his sentencing attorney's performance was deficient in allowing his three misdemeanors to be aggregated as one person felony without investigating their validity for enhancement purposes. Allen's proffer of deficient performance evidence indicated that his counsel received the presentence investigation report shortly before sentencing and reviewed it with Allen for accuracy. Because Allen did not dispute any of the convictions, counsel did not object to any of them.

Nevertheless, counsel " 'has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' " See *State v. Orr*, 262 Kan. at 327 (quoting *Strickland*, 466 U.S. at 691). When previous misdemeanor convictions are being used to enhance a defendant's sentence, defendant's counsel should make some inquiry about the validity of the convictions, especially when defendant has served a sentence on one or more of the convictions. This inquiry should be made especially when the record is silent or unclear on whether the defendant was represented by counsel or waived his right to counsel. K.S.A. 22-4709 permits both an inspection of records and a challenge to criminal history. Also, under K.S.A. 21-4715, if a defendant's counsel disputes a defendant's criminal history, the burden falls on the State to produce additional evidence. See K.S.A. 21-4715(c).

We are, however, impeded in our review of this matter because of the trial court's refusal to hear evidence and to make findings. When a trial court neglects to address an issue that has been remanded to it for consideration, this greatly hinders an appellate court from doing its job. Because the trial court failed to take evidence in this matter and to state the controlling facts on whether Allen's counsel's conduct fell below the standard of reasonable performance, we are unable to determine from this limited record if Allen's counsel performed in a deficient manner. Although we are unable to determine whether Allen's counsel's performance was deficient, it is clear that prejudice would flow from Allen's asserted error in sentencing.

## Prejudice

Allen contends his misdemeanor pleas were obtained in violation of his Sixth Amendment right to counsel. Even if only one of Allen's misdemeanor convictions is constitutionally infirm, under the standards of *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963), he is prejudiced. See *Graham v. State,* 263 Kan. 742, 757, 952 P.2d 1266 (1998) (admission of prior conviction which is constitutionally infirm under Sixth Amendment standards is inherently prejudicial). Allen correctly claims if one of his misdemeanor convictions was invalid, his criminal history score would not have included a person felony. Thus, his score would have been E rather than C and he would have been sentenced to less time. See K.S.A. 1999 Supp. 21-4704. Assuming Allen would have received the presumptive maximum sentences with an E history score, he would have served 4 months less time, that is, 26 months under C versus 22 months under E. As a result, if one of Allen's misdemeanor convictions is invalid, he satisfies the prejudice prong under *Strickland.* See *Glover v. United States,* 2001 WL 15331 (U.S. Jan. 9, 2001) (any amount of actual jail time has Sixth Amendment significance).

## Are the Misdemeanor Convictions Constitutionally Valid?

Three constitutionally valid misdemeanors can be aggregated into one person felony in order to raise a defendant's criminal history score and to enhance his or her sentence under the Kansas sentencing guidelines. K.S.A. 1999 Supp. 21-4711(a); *State v. Delacruz,* 258 Kan. 129, 135, 899 P.2d 1042 (1995). Both parties cite to *Delacruz,* which adopted and applied the rulings in *Scott v. Illinois,* 440 U.S. 367, 59 L. Ed. 2d 383, 995 S. Ct. 1158 (1979), and *Nichols v. United States,* 511 U.S. 738, 128 L. Ed. 2d 745, 114 S. Ct. 1921 (1994). Neither party cites to K.S.A. 12-4405, which provides for the appointment of counsel in municipal court proceedings as follows:

"If the municipal judge has reason to believe that if found guilty, the accused person might be deprived of his or her liberty and is not financially able to employ counsel, the judge shall appoint an attorney to represent the accused person."

When charged with a misdemeanor, a defendant's constitutional right to counsel is not absolute. An uncounseled misdemeanor is constitutionally valid if the defendant is not incarcerated. "Actual imprisonment" is the line defining when the constitutional right in misdemeanor cases is triggered. *Delacruz,* 258 Kan. at 132 (citing *Scott,* 440 U.S. at 373-74). If an uncounseled misdemeanor does not result in incarceration, it may be used in determining criminal history even for enhancement purposes. 258 Kan. at 135 (citing *Nichols,* 511 U.S. at 748). However, if a misdemeanor conviction results in jail time, either the record must demonstrate that the defendant was represented by counsel or that the defendant waived counsel, or the State must prove by a preponderance of evidence that the defendant was represented by or waived counsel, before it can be included in the defendant's criminal history. 258 Kan. at 140.

At the remand hearing, the district court reviewed the three journal entries and made the following findings:

"1. Defendant's exhibits show the defendant was advised of his rights in municipal court . . . (docket number 93CM13133) and . . . (docket number 92CM00038) and that he waived his rights in the latter case. . . . ([D]ocket number 95CM02347) shows neither."

The trial court relied on the following stamped language appearing on two of the journal entries: "DEFENDANT HAS BEEN ADVISED OF HIS CONSTITUTIONAL RIGHTS AND EN-HANCEMENTS." On one journal entry, the trial court accepted the prosecutor's explanation that a word written on the entry read "waiver" and indicated a waiver of rights.

### Convictions 93CM13133 and 95CM02347

In 93CM13133 and 95CM02347, the journal entries reflect a judgment of both a fine and jail time. Although the municipal judge ordered jail time in each of these cases, it seems that the municipal judge did not require Allen to serve any jail time and placed him on probation both times. Nevertheless, Allen argues such a practice triggers the right to counsel. He contends his case is distinguishable from *Delacruz,* which did not consider the right to counsel under a conditionally suspended sentence scenario. Instead, he relies on

a 10th Circuit case, *U.S. v. Reilley*, 948 F.2d 648, 654 (10th Cir. 1991), as persuasive authority for the proposition that the 6th Amendment right to counsel attaches when a defendant is faced with a conditionally suspended sentence.

On the other hand, the State contends Allen's convictions are valid under *Delacruz* and *Reilley* is inapplicable to Allen's case. The State maintains that *Delacruz* drew the line in Kansas at "actual imprisonment" before a constitutional right to counsel attaches in misdemeanor convictions. 258 Kan. at 132 (citing *Scott*, 440 U.S. at 373-74).

Although *Reilley* rejected the actual imprisonment standard for conditionally suspended cases, the State argues that because the *Reilley* decision predates both *Nichols* and *Delacruz*, its authoritative value is minimized. However, another 10th Circuit case decided July 6, 2000, relied on *Reilley*, and held:

"In this Circuit, the Supreme Court's requirement a defendant be sentenced to imprisonment before a constitutional right to counsel attaches is satisfied by the imposition of a suspended sentence or probation." *Shayesteh v. City of South Salt Lake*, 217 F.3d 1281, 1284 (10th Cir. 2000).

Nevertheless, we are not bound by the *Reilley* and *Shayesteh* holdings. Although *Delacruz* is not a conditionally suspended sentence or a probation case, we agree with and adopt the rationale in *Delacruz*. Citing *Scott*, the *Delacruz* court points out that because actual imprisonment is a penalty different in kind from fines and threats of imprisonment, the constitutional right to appointment of counsel attaches when the defendant is incarcerated. 258 Kan. at 132. Therefore, we determine that the "actual imprisonment" standard should apply to a suspended sentence or a probation case. We further determine that the journal entries indicate that Allen was not jailed for either of these two uncounseled misdemeanors. As a result, the trial court properly determined that they were constitutionally valid and that they counted toward the three person misdemeanor convictions required to enhance Allen's sentence.

### Conviction 92CM00038

In 92CM00038, Allen was ordered to and did serve jail time. Although the trial court determined that he was advised of his

rights and waived them, it did not specify which rights he waived. On the other hand, Allen argues that his conviction was not valid under *Scott*. Allen maintains that because he served time, the stamped language on the journal entry and the word the prosecutor explained as reading "waiver" are insufficient to establish he was advised of or waived his right to counsel. Finally, the State argues Allen's challenge to this conviction amounts to an impermissible collateral attack on a previous conviction.

Because of the interest in promoting the finality of judgments, collateral attacks on prior convictions are limited. Nevertheless, failing to appoint counsel for an indigent defendant when required is a "unique constitutional defect" justifying "the right to attack collaterally prior convictions used for sentence enhancement." See *Custis v. United States*, 511 U.S. 485, 496, 128 L. Ed. 2d 517, 114 S. Ct. 1732, (1994); accord *State v. Chiles*, 260 Kan. 75, Syl., 917 P.2d 866 (1996) (collateral attack not permitted unless prior conviction obtained in violation of right to counsel). See also *Delacruz*, 258 Kan. at 139 (collateral attack is allowed in those cases involving a denial of counsel).

As a result, Allen's collateral attack is justified. Moreover, under K.S.A. 12-4405, it appears appointment of counsel was required. Allen was actually imprisoned so his constitutional right to counsel was triggered. See *Delacruz*, 258 Kan. at 132. Thus, before this conviction can be counted for enhancement, either the record must show that Allen was represented by counsel or that he waived counsel, or the State must establish by a preponderance of evidence that Allen was represented by counsel or waived counsel. See *Delacruz*, 258 Kan. at 140.

No evidence exists in the record that Allen was represented by counsel. The essence of the parties' dispute hinges on whether the record shows or the State established by a preponderance of the evidence that Allen waived counsel. In support of its position, the State cites *State v. Likins*, 21 Kan. App. 2d 420, 433, 903 P.2d 764, *rev. denied* 258 Kan. 861 (1995). In *Likins*, the record contained a signed form in which defendant waived his right to counsel and a notation in the journal entry form. The defendant challenged the sufficiency of the waiver form as failing to demonstrate he know-

ingly and voluntarily waived counsel. This court concluded that his challenge amounted to a collateral attack. The *Likins* court noted: "The record affirmatively show[ed] defendant was advised of his right to counsel and waived that right" and there was no evidence "suggesting any irregularity" with the prior plea. 21 Kan. App. 2d at 433.

Like *Likins,* no evidence of irregularity was shown in Allen's case. Nevertheless, when evaluating the constitutional validity of prior convictions, the *Delacruz* court indicated that the trial court cannot simply presume that all of the actions of the municipal court followed the law. Furthermore, because a waiver of counsel may not be presumed from a silent record, there must be a showing that the waiver was knowingly and intelligently made, and the attempted waiver must be strictly construed. See *State v. Daniels,* 2 Kan. App. 2d 603, 586 P.2d 50 (1978). Also see *State v. Buckland,* 245 Kan. 132, 137, 777 P.2d 745 (1989) (a trial court should follow the guidelines set forth in *Daniels* in determining if the right to counsel is knowingly and intelligently waived).

The word written on the journal entry that the State maintains reads "waiver" is difficult to decipher. However, even assuming the word is "waiver," it does not specifically explain what is being waived.

As a result, we determine that although the stamped language may show that Allen was told of his right to counsel, the word the State maintains reads "waiver," when strictly construed, does not affirmatively show that Allen knowingly and intelligently waived his right to counsel. If on remand the trial court determines that Allen's sentencing counsel's performance was deficient, then the conviction in 92CM00038 is unconstitutional under *Scott* and may not be used in Allen's criminal history. Because only two previous person misdemeanor convictions would remain, the trial court would be required to vacate Allen's sentence and impose a new sentence consistent with this opinion.

Finally, Allen challenges whether the trial court could sentence him to imprisonment under K.S.A. 1999 Supp. 21-4603d even though he was paroled by the State of California. Interpretation of the Kansas Sentencing Guidelines Act is a question of law and this

court's scope of review is unlimited. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

The relevant portion of K.S.A. 1999 Supp. 21-4603d(a)(11) states:

"When a new felony is committed while the offender is . . . on . . . parole . . . a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

On remand, the trial court determined that K.S.A. 1999 Supp. 21-4603d applies even though the defendant was placed on parole by California authorities. Allen contends that parole by an out-of-state authority does not meet the definition of parole under K.S.A. 21-4602(d), which defines parole as release by the Kansas Parole Board.

When interpreting a statute, if a literal reading would " 'contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law.' [Citation omitted.]" *State v. Hankins*, 19 Kan. App. 2d 1036, 1045, 880 P.2d 271 (1994). The rule of strict construction concerning criminal statutes is "subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and . . . intent." *State v. Aleman*, 16 Kan. App. 2d 784, 788, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992).

In *Aleman*, the defendant made a similar argument concerning out-of-state releasing authorities based on similar statutes in effect at that time. In construing legislative intent, the *Aleman* court stated:

"If we were to adopt the rationale suggested by Aleman, persons who commit additional crimes in the state of Kansas while on probation or parole from a Kansas conviction would suffer more severe consequences than their counterparts who have been released on probation or parole in other states. It is more logical to conclude . . . the legislature intended to treat all persons coming before Kansas courts the same and, further, to address in a more severe way those persons who commit crimes in Kansas while on parole or probation *regardless of the location of the releasing authority*." (Emphasis added.) 16 Kan. App. 2d at 790.

Geography alone should not confer sentencing benefits. See *e.g.,* *State v. Chronister*, 21 Kan. App. 2d 589, 593, 903 P.2d 1345 (1995) (illogical to provide sentencing benefit merely because crime occurred in one Kansas county rather than in another county or in another state or federal jurisdiction). If Allen's argument is adopted, he would derive a sentencing benefit of presumptive probation merely because he was paroled by California rather than Kansas authorities. Because we decline to adopt Allen's logic, his argument fails.

Affirmed in part, reversed in part, and remanded with directions to determine whether Allen's sentencing counsel's performance was deficient. If it is determined that Allen's sentencing counsel's performance was deficient, the trial court must vacate Allen's sentence and impose a new sentence consistent with this opinion. This remand will be made to a different judge.