(203 P.3d 45)

No. 98,736

STATE OF KANSAS, *Appellee*, v. TRAVIS GUNNER LONG, *Appellant*.

Opinion filed March 20, 2009.

*Heather Cessna* and *Sarah Morrison*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Stephen N. Six*, attorney general, for appellee.

Before CAPLINGER, P.J., MALONE and LEBEN, JJ.

MALONE, J.: Travis Gunner Long appeals the district court's determination of his criminal history following his conviction of one count of possession of methamphetamine. Specifically, Long claims the district court erred by including three prior uncounseled misdemeanor convictions in his criminal history. Long also claims his constitutional rights were violated because his criminal history was not proven to a jury beyond a reasonable doubt.

On December 29, 2003, the State charged Long in Finney County District Court with one count of possession of methamphetamine and one count of driving with a suspended license. Long failed to appear at a hearing on July 12, 2004, and the district court forfeited his bond and issued a bench warrant for his arrest. Long was subsequently apprehended, and on February 22, 2007, he pled no contest to possession of methamphetamine. In exchange, the State agreed to dismiss the count of driving with a suspended license, and the State agreed not to file charges against Long for his aggravated failure to appear. As part of the plea agreement, the State agreed to recommend a durational departure of half the standard range of Long's presumptive sentence.

The district court ordered a presentence investigation (PSI) report. Long's criminal history worksheet included convictions of two counts of battery in Garden City Municipal Court case No. 96 MCR 0061 and one count of battery in case No. 96 MCR 1386. The three person misdemeanor convictions were rated as one person felony conviction for criminal history purposes. Long filed an objection to his criminal history and he put the State on strict proof as to the validity of his prior misdemeanor convictions. Long argued that he did not have appointed counsel for the misdemeanor convictions and he served jail time for the uncounseled misdemeanors. Therefore, according to Long, the misdemeanor convictions could not be included in his criminal history.

The district court conducted a hearing, and the records from the Garden City Municipal Court were admitted into evidence. The records showed that Long was convicted of one count of battery in case No. 95 MCR 1386, rather than case No. 96 MCR 1386 as listed in the PSI report. According to the records, Long's sentence in case No. 95 MCR 1386 was 1 year of probation, alcohol evaluation and counseling for a minimum of 1 year at an area mental health facility, a fine of $1,000 suspended to $200 and to be paid at $100 per month, and court costs to be paid in 30 days. Long was convicted of two counts of battery in case No. 96 MCR 0061, and the municipal court imposed a sentence of 1 year of probation, alcohol evaluation and counseling at an area mental health facility for a minimum of 1 year, court costs to be paid in 30 days, and a fine of $1,000 on each count suspended to $200 as long as probation was completed. The municipal court records clerk testified there was no indication that Long was ordered to serve any jail time as a result of the battery convictions.

However, the municipal court records further showed that on July 24, 1998, Long was found guilty of indirect contempt for failure to pay his fines and court costs in three cases, including 95 MCR 1386 and 96 MCR 0061. Long was represented by counsel at the contempt hearing. The municipal court judge sentenced Long to 6 months in jail, but the court suspended the sentence and gave Long the opportunity to "purge himself of contempt by making payment of not less than $100 per month beginning July 10, 1998." The records did not reflect whether Long actually served time in jail on the contempt sentence or whether he purged himself of contempt by making payment on the fines.

After considering the evidence and reviewing the applicable case law presented by the parties, the district court judge stated:

"Well, as I understand the objection to the Defendant's criminal history, the issue is whether or not these municipal court battery convictions were counselled or uncounselled and if they were uncounselled, whether or not there was a waiver of counsel. In that regard, the State of Kansas has failed to establish and cannot establish whether or not the misdemeanor battery convictions were counselled or uncounselled or whether there was a waiver of counsel.

"What I think the State of Kansas has been able to establish by a preponderance of the evidence, that in each of these cases, no jail sentence was imposed.

"By virtue of that determination, these battery convictions are properly a part of and should be counted in connection with Mr. Long's criminal history."

Accordingly, the district court included the misdemeanor convictions in Long's criminal history and determined that he had a criminal history score of C. The district court granted Long a durational departure and sentenced him to 15 months in prison. Long timely appeals.

On appeal, Long claims the district court erred by overruling his objection to his criminal history. Because Long was ordered to serve jail time for contempt, based on his failure to pay fines and court costs, Long asserts his uncounseled misdemeanor convictions resulted in incarceration and should not have been included in his criminal history. Long also claims his constitutional rights were violated because his criminal history was not proven to a jury beyond a reasonable doubt.

### Proof of criminal history

Long first claims the district court erred by overruling his objection to his criminal history. The parties agree this issue involves interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 et seq. Interpretation of a statute is a question of law over which an appellate court has unlimited review. State v. Storey, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

We begin our analysis by reviewing the applicable statutes governing the determination of criminal history. All prior convictions must be included in a defendant's criminal history unless they are an element of the present crime, enhance the severity level or applicable penalties, or elevate the classification of the present crime from a misdemeanor to a felony. K.S.A. 21-4710(d)(11). The criminal history worksheet satisfies the State's burden to prove a defendant's criminal history unless the defendant contests the worksheet. K.S.A. 21-4715(b) and (c). If the defendant files a specific and timely objection to the criminal history, the State is required to produce further evidence to establish the disputed portion of the criminal history by a preponderance of the evidence. K.S.A. 21-4715(c).

When determining a defendant's criminal history score, three person misdemeanor convictions constitute one adult person felony conviction:

"Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." K.S.A. 21-4711(a).

The issue here is whether Long's prior person misdemeanor convictions may be considered in the calculation of his criminal history score even though he was not represented by counsel when he was convicted of the misdemeanors.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to state-appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335, 344-45, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963). For a misdemeanor, the right to counsel attaches in any case that actually leads to imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25, 33-37, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). In this context, imprisonment includes incarceration in a county jail.

In Kansas, a defendant also has a statutory right to counsel in a prosecution in municipal court:

"If the municipal judge has reason to believe that if found guilty, the accused person might be deprived of his or her liberty and is not financially able to employ counsel, the judge shall appoint an attorney to represent the accused person." K.S.A. 12-4405.

Long's argument focuses entirely on his constitutional right to counsel and not on the statutory right. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007).

In *Scott v. Illinois*, 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979), the Court held that a defendant has no right to appointed counsel in a misdemeanor case when the defendant receives a fine instead of a jail term at sentencing, even if the governing statute authorizes a jail sentence. According to the Court, whether actual imprisonment occurred defines the constitutional right to appointment of counsel in misdemeanor cases. 440 U.S. at

373-74. Thus, under *Scott* and *Argersinger*, the Court articulated an "actual imprisonment" rule for the necessity of appointed counsel in misdemeanor cases.

In *Nichols v. United States*, 511 U.S. 738, 128 L. Ed. 2d 745, 114 S. Ct. 1921 (1994), the defendant was convicted of conspiracy to distribute cocaine and his sentence was enhanced based on a prior uncounseled misdemeanor conviction for which no prison term had been imposed. The Court held that, consistent with the Sixth and Fourteenth Amendments, if an uncounseled misdemeanor conviction is valid under *Scott* because no prison term was imposed, then the conviction also may be used to enhance a later sentence. 511 U.S. at 748-49.

In *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995), the Kansas Supreme Court embraced the actual imprisonment rule for uncounseled misdemeanors used to establish a defendant's criminal history under the KSGA. In *Delacruz*, the defendant pled guilty to a felony, and his criminal history worksheet included three prior misdemeanor battery convictions. For two of the misdemeanor convictions, the court imposed a fine and no jail sentence. On the third misdemeanor conviction, however, the court imposed a fine and a sentence of 90 days in jail. 258 Kan. at 130-31.

Noting that two of the misdemeanor convictions were valid under *Scott* because the defendant did not serve any prison time, the court held that those convictions could be used to determine the defendant's criminal history under the sentencing guidelines. 258 Kan. at 135. For the misdemeanor conviction that resulted in jail time, the Supreme Court remanded for the district court to determine whether the defendant had counsel or waived his right to counsel. The court held that unless the State could produce evidence that the defendant was either represented by counsel or waived counsel, the conviction was unconstitutional under *Scott* and could not be used in the defendant's criminal history. 258 Kan. at 136.

In *State v. Allen*, 28 Kan. App. 2d 784, 20 P.3d 747 (2001), the defendant claimed he had received ineffective assistance of counsel at sentencing. To resolve this issue, the court analyzed whether three prior misdemeanor battery convictions were properly in-

cluded in the defendant's criminal history. In one of the prior convictions, the defendant had been ordered to and did serve jail time. In the other two prior convictions, the defendant had received a suspended sentence or probation and did not serve jail time. The court concluded that the prior conviction that resulted in jail time could not be counted for enhancement because the record did not show that the defendant was represented by counsel or waived his right to counsel. 28 Kan. App. 2d at 789-91. As for the other two convictions, the court held that an uncounseled misdemeanor conviction involving a suspended sentence or probation that does not result in incarceration may be included in a defendant's criminal history under the KSGA, even though the conviction has the effect of enhancing the defendant's sentence under the guidelines. 28 Kan. App. 2d at 789.

Following these cases, the United States Supreme Court decided *Alabama v. Shelton*, 535 U.S. 654, 152 L. Ed. 2d 888, 122 S. Ct. 1764 (2002). In *Shelton*, the defendant was convicted of a misdemeanor and sentenced to serve 30 days in the county jail. However, the court suspended the sentence and placed the defendant on 2 years' unsupervised probation conditioned on his payment of court costs, a fine, reparations, and restitution. The defendant appealed his conviction and sentence, claiming a violation of his Sixth Amendment rights and arguing that his suspended sentence triggered his right to appointed counsel even though he remained on probation and had not been deprived of his liberty. The Alabama Supreme Court agreed and reasoned that a suspended sentence constitutes a "term of imprisonment" within the meaning of *Argersinger* and *Scott* even though incarceration is not immediate or inevitable. The Alabama court affirmed the defendant's conviction and the monetary portion of his punishment but invalidated that aspect of the defendant's sentence imposing suspended jail time. 535 U.S. at 659-60.

The United States Supreme Court affirmed the decision of the Alabama Supreme Court and held that a suspended sentence that may result in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded " 'the guiding hand of counsel' " in the prosecution for the crime. 535 U.S. at 658. The

Court reaffirmed the controlling rule that absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless that person was represented by counsel at trial. Applying this "actual imprisonment" rule, the Court determined that failure to appoint counsel to represent an indigent defendant barred the imposition of a suspended or probationary sentence upon conviction of a misdemeanor. 535 U.S. at 674.

The Tenth Circuit Court of Appeals applied *Shelton* in *United States v. Jackson*, 493 F.3d 1179 (10th Cir. 2007). In *Jackson*, the defendant was convicted of felony drug charges, and his sentence was enhanced based on prior uncounseled misdemeanor convictions. In the misdemeanor convictions, the defendant had been ordered to pay a fine and sentenced to 90 days in custody, all of which was suspended. The Tenth Circuit held that under *Shelton*, a federal sentencing court may take into account a defendant's previous uncounseled misdemeanor convictions, together with any sentence that does not impose imprisonment, notwithstanding the fact that the sentencing court is constrained to disregard the portion of the sentence imposing suspended jail time:

"As defined at least so far by *Argersinger* and *Scott*, and recently reaffirmed by *Shelton*, the Sixth Amendment right at issue protects individuals against being sentenced to a deprivation of liberty without the benefit of counsel; accordingly, we held, the proper remedy was to vacate that portion of the sentence offensive to the Sixth Amendment without doing harm to the defendant's conviction or the remaining, constitutionally inoffensive, portions of his sentence. To go further, to hold the conviction and fine portion of a sentence infirm, would be to relieve the defendant from *any* consequence of his or her actions despite guidance from *Scott* and *Nichols* and now *Shelton* that uncounseled misdemeanor convictions and non-prison sentences may be given respect and effect consistent with the Sixth Amendment's remedial purposes." 493 F.3d at 1183.

Therefore, in light of *Shelton* and *Jackson*, the Kansas precedents found in *Delacruz* and *Allen* regarding the use of prior uncounseled misdemeanors to enhance a defendant's sentence under the KSGA still apply. In the case of a prior uncounseled misdemeanor conviction for which the defendant received a suspended sentence or probation that does not result in incarceration, the conviction remains valid and may be included in the defendant's

criminal history even though the suspended sentence or probation is invalid.

Returning to our facts, Long's municipal court sentences for his battery convictions are somewhat difficult to understand. Long was fined for each of his convictions, and the fines were suspended or reduced provided that payments were made in a timely manner. The municipal court did not impose a jail sentence upon Long for any of his convictions. However, Long's sentence in each case referred to a 1-year probation, which was more akin to a suspended sentence since the court never imposed jail time. Under *Shelton*, Long's misdemeanor convictions and his fines remain valid even though the probation aspect of Long's sentence is invalid.

We must still resolve the question of whether Long was incarcerated as a result of his misdemeanor convictions. Long was fined for each of his misdemeanor convictions on May 29, 1996. On June 24, 1998, Long was found in contempt of the municipal court for failure to pay his fines and court costs. Long was represented by counsel at the contempt hearing. It appears from the hearing dates that Long was no longer serving his 1-year probation at the time of the contempt hearing. The municipal court judge sentenced Long to 6 months in jail for contempt, but suspended the sentence and gave Long the opportunity to purge himself of the contempt by making payments on his fines. We do not know whether Long served jail time for the contempt sentence or whether he purged himself of the contempt by paying his fines.

K.S.A. 12-4510 provides that when a municipal court levies a fine as punishment, the defendant's failure to pay the fine in the manner specified may constitute contempt of court. K.S.A. 12-4106(a) further provides that a municipal judge has the same power as a district judge to imprison a defendant for contempt. Here, whether Long served jail time for the contempt does not impact our analysis of his criminal history. An indirect contempt proceeding is governed by K.S.A. 20-1204a and is separate and distinct from a criminal prosecution. See K.S.A. 21-3102(3) ("This code does not affect the power of a court to punish for contempt or to employ any sanction authorized by law for the enforcement of an

order or a civil judgment or decree."). Moreover, Long was represented by counsel at the contempt hearing.

The municipal court never revoked Long's probation and ordered him to serve jail time for his battery convictions. Instead, the municipal court found Long in indirect contempt of court for failure to pay his fines and court costs. Under these circumstances, Long's prior misdemeanor convictions could still be included in his criminal history even if Long served jail time for contempt of court. See *United States v. Haymer*, 995 F.2d 550 (5th Cir. 1993) (defendant's prior uncounseled misdemeanor conviction was properly included in criminal history score although defendant had later been jailed for contempt of court for failure to pay misdemeanor fines).

Although the record on appeal is sparse, it appears that Long was sentenced to jail based on his willful failure to pay his fines and court costs. As the records clerk testified, there was no indication from the municipal court records that Long was ordered to serve any jail time as a result of his battery convictions. In fact, the municipal court never imposed a jail sentence upon Long for any of his convictions. It is true that Long would have never faced a contempt charge had he not been initially convicted of battery. But this does not mean that Long's battery convictions caused him to serve time in jail. If Long served any time in jail in either of his municipal court cases, the jail time was for being in contempt of court and not for the battery convictions.

After considering the evidence, the district found that the State had established by a preponderance of the evidence that no jail sentence was imposed on Long for his uncounseled misdemeanor convictions. The records from the municipal court as well as the testimony of the records clerk support the district court's findings. We conclude the district court correctly included Long's prior uncounseled misdemeanor convictions in his criminal history score. Accordingly, the district court did not err in overruling Long's objection to his criminal history.

### Apprendi issue

Finally, Long claims that his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct.

2348 (2000), were violated because his criminal history was not proven to a jury beyond a reasonable doubt. This argument was rejected in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). This court is duty bound to follow our Supreme Court precedent, absent some indication the court is departing from its previous position. *Noone v. Chalet of Wichita*, 32 Kan. App. 2d 1230, 1236, 96 P.3d 674, *rev. denied* 278 Kan. 846 (2004). Moreover, our Supreme Court has recently affirmed *Ivory*. See, *e.g.*, *State v. Fewell*, 286 Kan. 370, 394-96, 184 P.3d 903 (2008). Therefore, *Ivory* controls, and Long's argument fails.

Affirmed.