NOT DESIGNATED FOR PUBLICATION

Nos. 114,186
114,187

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY F. WALLING,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES FRANKLIN DAVIS and TIMOTHY P. MCCARTHY, judges. Opinion filed June 17, 2016. Affirmed.

*Brian C. Paden*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  In these consolidated appeals from two K.S.A. 60-1507 motions, Terry F. Walling seeks specific performance of his plea agreement. Walling is not alleging that the district court erred in denying his motion to withdraw his guilty plea, nor does he wish to set aside his plea. Instead, Walling asks this court to find that discussion of his earliest release date constituted a promise and to read that promise into his written plea agreement in which it does not appear. Walling also contends that his counsel was ineffective in not getting his sentences to run concurrently. Finding no merit to these claims, we affirm.

1

*Procedural background*

In 1984, Terry F. Walling received a lifetime maximum sentence following a rape conviction in Douglas County, Kansas. After serving 18 years, Walling was released on parole. In April 2012, Walling was charged with two counts of theft. The parties negotiated a global plea agreement, which was mediated Judge Kevin P. Moriarty.

As instructed in mediation, Walling's attorney, Zach Thomas, contacted the Kansas Prisoner Review Board (the Board) to find out what penalty Walling might face after entering a guilty plea in the felony theft case. After contacting the Board, Thomas informed Walling that the Board did not issue advisory opinions, and it would not come to a decision until Walling was before the Board. Walling would not go before the Board until after he entered his guilty plea. Also prior to finalizing the plea agreement, Assistant District Attorney Ann Henderson contacted Michelle Sullivan, the manager for the Sentence Computation Unit for the Kansas Department of Corrections (KDOC). Based on the information provided, Sullivan estimated November 5, 2013, was the earliest possible release date for Walling regarding his felony theft matter. No discussion was had regarding parole because that "[was] for the parole board to decide." After the November 5 projected release date was provided, Kate Zigtema, Walling's attorney in the misdemeanor cases, picked a "benchmark" date of November 3, 2013. This date was selected "to make sure all the misdemeanor sentences were done so that [Walling] wouldn't have to come back on a county jail hold after doing DOC time."

Following the negotiations, a global plea agreement was reached where Walling pleaded guilty to count two, felony theft—the State dismissed count one. The parties agreed to recommend a high box sentence of 17 months' imprisonment. The parties also agreed Walling would serve his sentence consecutive to a Wyandotte County case, but concurrent to four Johnson County cases. On January 7, 2013, the district court followed

2

the recommendations provided in the plea agreement and sentenced Walling to 17 months' imprisonment.

Although the record is not clear, it appears a hearing before the Board was held on March 12, 2013. Walling testified he received a 29-month penalty for a parole violation—conviction of a new felony while on parole. The Board decided to revoke Walling's parole and to "[p]ass to September 2015." According to Walling, he would not begin serving his 17-month sentence until he completed his parole violation penalty. Even though it appears Walling did not go before the Board until March 2013, he filed a K.S.A. 60-1507 motion on February 27, 2013, arguing that the State failed to abide by the plea agreement because the KDOC "refuse[d] to recognize" the November release dates. The district court held a hearing to address the motion in case number 13CV1438 on December 3, 2013.

*13CV1438 Hearing*

At the hearing, Walling asked the district court for relief in two ways; he requested specific performance of the plea agreement, or alternatively to withdraw his guilty plea. After hearing testimony, the district court denied Walling's motion.

First, the district court found the State substantially performed under the agreement. The district court stated: "The monkey wrench, so to speak, came into this case by reason of the ruling of the Prisoner Review Board." The district court found the November 5, 2013, release date, which Sullivan provided prior to a ruling from the Board, was "simply as she testified was [his] current situation at the time of that conversation." Second, the district court addressed Walling's motion to withdraw plea. The district court noted Judge Stephen R. Tatum's prior ruling that Walling "got a really great deal." The district court found no manifest injustice existed "by having the parties perform in this context." Walling timely appeals.

3

Following his sentence in January 2013, Walling filed a number of pro se motions. In addition to the K.S.A. 60-1507 filed in February 2013, Walling also filed a K.S.A. 60-1507 motion in case number 14CV6253 on October 2, 2014. In this motion, Walling claimed his plea agreement was invalid because the consecutive sentence was not operating as ordered by the district court. Walling also claimed his counsel was ineffective for failing to know the correct sentencing laws. A hearing was held on February 24, 2015, where the district court considered Walling's motion to correct his illegal sentence. The district court found "there was no *Murdock* issue and that any calculation error by the Kansas Department of Corrections must be taken up in the county in which he is incarcerated. [Walling] has a pending case in Leavenworth County District Court to address that issue."

Then, on May 13, 2015, the district court held an evidentiary hearing on Walling's K.S.A. 60-1507 motion. First, the district court found that Walling had filed this motion outside of the 1-year time limitation; however, the district court extended the time limit in order to prevent manifest injustice. The State does not challenge this finding on appeal.

Next, the district court found the representation in this case by both Thomas and Zigtema was appropriate, stating:

> "Walling had two attorneys handling his cases. Ms. Zigtema handled the misdemeanors and Mr. Thomas the felony. They both participated in the negotiations and the mediation conducted regarding the Johnson County Cases. Ms. Zigtema got the potential sentences on the misdemeanors folded into the sentence in 12CR825. The Court finds no issue with regard to her representation of Walling.

> "Mr. Thomas negotiated what everyone involved in the case classified as a good deal. Walling's sole complaint is that he claims he was told that his release date was

4

11/5/13. Mr. Thomas testified that he contacted the Prisoner Review Board and was told they don't give advisory opinions. It appears it was not possible to give him a release date that was firm.

"Walling testified that [he] had served two previous sanctions of 90 days for technical violations of his lifetime parole. It seems unlikely that Mr. Walling believed that he would receive no sanctions for new charges. The Court finds that the representation provided by Mr. Thomas was appropriate in this case."

The district court denied Walling's K.S.A. 60-1507 motion. Walling timely appeals.

*Is specific performance a possible remedy in a K.S.A. 60-1507 motion?*

Initially, we state our doubts that a defendant may use a K.S.A. 60-1507 motion to obtain specific performance of a plea agreement. Walling shows the court no instance in which this remedy has ever been given under this statute.

The remedy of specific performance appears to be outside those provided for in K.S.A. 60-1507(a), which provides:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas . . . may . . . move the court which imposed the sentence to vacate, set aside or correct the sentence."

For example, if a district court finds that sentencing counsel provided ineffective assistance of counsel in violation of a defendant's Sixth Amendment rights and that the ineffective assistance prejudiced the defendant, the district court may vacate the initial sentence and impose a new one. See *State v. Allen,* 28 Kan. App. 2d 784, 791-93, 20 P.3d 747 (2001). But Walling cites no authority for the proposition that specific performance

5

of a plea agreement is included within the court's authority to "correct the sentence," and the plain meaning of that phrase is not so broad as to encompass what Walling seeks here. Nonetheless, because the State has not raised that procedural argument, we address the merits of this case.

*Did the district court err in finding the State substantially complied with the plea agreement?*

On appeal, Walling claims: "[T]he State Breached the terms of the plea agreement when the Department of Corrections failed to follow the release date provided by the Sentencing Computation Unit. Thus, there was a breach of the contractual plea resulting in [Walling] serving a longer sentence." Walling further contends "the information provided by Michelle Sullivan, the specific release date, binds the Department of Corrections to the global plea." We first set forth our standard of review.

The allegation that the State breached a plea agreement involves a question of law over which we have unlimited review. *State v. Peterson*, 296 Kan. 563, 567, 293 P.3d 730 (2013). Our Supreme Court has held:

> "A plea agreement is a contract between the State and the accused, and the exchanged promises must be fulfilled by both parties. [Citation omitted.] 'An expectation inherent in all plea agreements is that each party will honor the terms of the agreement.' [Citations omitted.] The State's breach of a plea agreement denies the defendant due process. [Citations omitted.] 'If the State fails to perform its obligations under a bargained plea agreement, then the court must decide whether justice requires that the promise be fulfilled or whether the defendant should have the opportunity to withdraw his or her plea.' [Citation omitted.]" *Peterson*, 296 Kan. at 567.

First, we look to the actual terms of the plea agreement to ascertain the parties' intent. See *Stechschulte v. Jennings*, 297 Kan. 2, 15, 298 P.3d 1083 (2013). Although Walling contends that he would never have agreed to a plea without a fixed "out date,"

6

neither the November 5, 2013, release date nor any other release date was mentioned, let alone promised, in the plea agreement. Additionally, throughout the hearings, the witnesses consistently testified that this was the "*earliest possible* release date," and Walling concedes he understood that fact. (Emphasis added.) The district court correctly found the date Sullivan provided was simply based on information she had in front of her, which did not include any penalties provided by the Board. Therefore, the November 5, 2013, date was neither a binding release date, nor was it included in the plea agreement. Walling does not contend that the State breached any provisions included in the plea agreement.

Second, we look at the parties involved in the plea agreement. Neither the Board nor the KDOC was a party to the plea agreement. Thomas informed Walling that the Board would not issue advisory opinions and would not convene until Walling went before the Board, which would not occur until after he entered his guilty plea in the felony theft case. Walling had previous experience before the Board, having served two sanctions for technical violations. Walling concedes knowing that he was on lifetime parole and that the plea was not binding on the Prisoner Review Board.

Third, we examine whether Walling was able to understand the nature of his plea agreement and was represented by counsel. It is uncontested that Walling was represented by counsel in the misdemeanor cases as well as in the felony theft case. At the plea hearing, the district court established the voluntary nature of the plea agreement and Walling's ability to understand it, and specifically asked, "Besides this plea agreement, sir, has anybody made any promises that you're counting on in entering your guilty plea?" Walling replied, "No, sir." Walling thus disavowed any reliance on any statements made about a fixed "out date."

Comparing the plea agreement to the journal entry of judgment, we find Walling received the sentence he agreed to in his plea agreement. Because substantial competent

evidence supports the district court's findings that Walling's plea was knowingly and voluntarily made and that the State substantially performed under the plea agreement, Walling states no basis for specific performance of the plea agreement.

*Did the district court err in failing to find Walling received ineffective assistance of counsel?*

In the district court, Walling argued his counsel was ineffective for "providing the incorrect and wrong release dates." He argued his counsel was ineffective for failing to inform him that the November 5, 2013, date was not a firm release date. Now, for the first time on appeal, Walling argues his counsel was ineffective for failing "to argue for concurrent time on all cases, including his lifetime parole case from Douglas County."

Issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

In its decision denying Walling's motion, the district court found Walling's counsel was appropriate because Walling received a "good deal," he was informed it was not possible to provide a firm release date, and he had previous experience with the Board. The district court did not address any claim regarding his counsel's failure to argue that all of Walling's sentences should run concurrently because Walling never raised the argument below. Accordingly, we need not reach the merits of this issue.

We do so here only to assure Walling that his counsel was, in fact, effective. A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Consequently, we review the underlying factual findings for support by substantial

competent evidence and the legal conclusions based on those facts de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014), relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984).

K.S.A. 2015 Supp. 21-6606(c) provides that any person who is convicted of a crime while on parole for a felony shall serve the sentence consecutive to the terms under which the person was on parole. See *State v. Currie*, No. 111,542, 2015 WL 4486786, at *1 (Kan. App. 2015) (unpublished opinion). Because Walling was serving a lifetime parole sentence at the time he committed the new felony theft offense, that statute required the district court to sentence him to consecutive sentences, unless to do so would "result in a manifest injustice." K.S.A. 2015 Supp. 21-6819(a). Walling made no argument regarding manifest injustice at the time of sentencing and makes none under this motion. Thus, Walling's sentences were statutorily mandated to run consecutively.

We find no merit to Walling's contention that his counsel was deficient in not agreeing to a sentence which would have been contrary to law. Nor do we find any prejudice toward Walling by counsel's performance. Even had counsel argued for a concurrent sentence, Walling could not have received it given the dictates of the statute above, coupled with the facts presented to the district court which failed to establish that running the sentences consecutively would have resulted in manifest injustice.

Affirmed.