(225 P.3d 754)

No. 98,736

STATE OF KANSAS, *Appellee*, v. TRAVIS GUNNER LONG, *Appellant*.

Opinion filed February 26, 2010.

*Heather Cessna* and *Sarah Morrison*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Steve Six*, attorney general, for appellee.

Before CAPLINGER, P.J., MALONE and LEBEN, JJ.

MALONE, J.: Travis Gunner Long appeals the district court's determination of his criminal history following his conviction of one count of possession of methamphetamine. Specifically, Long claims the district court erred by including three prior uncounseled misdemeanor convictions in his criminal history. Long also claims his constitutional rights were violated because his criminal history was not proven to a jury beyond a reasonable doubt. Based on *State*

*v. Youngblood*, 288 Kan. 659, 206 P.3d 518 (2009), we conclude that Long's prior uncounseled misdemeanor convictions were obtained in violation of his Sixth Amendment right to counsel and should not have been scored in his criminal history.

FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2003, the State charged Long in Finney County District Court with one count of possession of methamphetamine and one count of driving with a suspended license. Long failed to appear at a hearing on July 12, 2004, and the district court forfeited his bond and issued a bench warrant for his arrest. Long was subsequently apprehended, and on February 22, 2007, he pled no contest to possession of methamphetamine. In exchange, the State agreed to dismiss the count of driving with a suspended license, and the State agreed not to file charges against Long for his aggravated failure to appear. As part of the plea agreement, the State agreed to recommend a durational departure of half the standard range of Long's presumptive sentence.

The district court ordered a presentence investigation (PSI) report. Long's criminal history worksheet included convictions of two counts of battery in Garden City Municipal Court case No. 96 MCR 0061 and one count of battery in case No. 96 MCR 1386. The three person-misdemeanor convictions were rated as one person-felony conviction for criminal history purposes. Long filed an objection to his criminal history, challenging the validity of his prior misdemeanor convictions. Long argued that he did not have appointed counsel for the misdemeanor convictions and he served jail time for the uncounseled misdemeanors. Therefore, according to Long, the misdemeanor convictions could not be included in his criminal history.

The district court conducted a hearing, and the records from the Garden City Municipal Court were admitted into evidence. The records showed that Long was convicted of one count of battery in case No. 95 MCR 1386, rather than case No. 96 MCR 1386 as listed in the PSI report. According to the records, Long's sentence in case No. 95 MCR 1386 was 1 year of probation; alcohol evaluation and counseling for a minimum of 1 year at an area mental

health facility; a fine of $1,000, suspended to $200 and to be paid at $100 per month; and court costs to be paid in 30 days. Long was convicted of two counts of battery in case No. 96 MCR 0061, and the municipal court imposed a sentence of 1 year of probation; alcohol evaluation and counseling at an area mental health facility for a minimum of 1 year; court costs to be paid in 30 days; and a fine of $1,000 on each count, suspended to $200 as long as probation was completed. The municipal court records clerk testified there was no indication that Long was ordered to serve any jail time as a result of the battery convictions.

However, the municipal court records further showed that on July 24, 1998, Long was found guilty of indirect contempt for failure to pay his fines and court costs in three cases, including 95 MCR 1386 and 96 MCR 0061. Long was represented by counsel at the contempt hearing. The municipal court judge sentenced Long to 6 months in jail, but the court suspended the sentence and gave Long the opportunity to "purge himself of contempt by making payment of not less than $100 per month beginning July 10, 1998." The records did not reflect whether Long actually served time in jail on the contempt sentence or whether he purged himself of contempt by making payment on the fines.

After considering the evidence and reviewing the applicable case law presented by the parties, the district court judge stated:

"Well, as I understand the objection to the Defendant's criminal history, the issue is whether or not these municipal court battery convictions were counselled or uncounselled and if they were uncounselled, whether or not there was a waiver of counsel. In that regard, the State of Kansas has failed to establish and cannot establish whether or not the misdemeanor battery convictions were counselled or uncounselled or whether there was a waiver of counsel.

"What I think the State of Kansas has been able to establish by a preponderance of the evidence, that in each of these cases, no jail sentence was imposed.

"By virtue of that determination, these battery convictions are properly a part of and should be counted in connection with Mr. Long's criminal history."

Accordingly, the district court included the misdemeanor convictions in Long's criminal history and determined that he had a criminal history score of C. The district court granted Long a durational

departure and sentenced him to 15 months in prison. Long timely appealed.

On appeal, Long claimed the district court erred by overruling his objection to his criminal history. Because Long was ordered to serve jail time for contempt, based on his failure to pay fines and court costs, Long asserted his uncounseled misdemeanor convictions resulted in incarceration and should not have been included in his criminal history. Long also claimed his constitutional rights were violated because his criminal history was not proven to a jury beyond a reasonable doubt.

This court initially rejected Long's arguments and concluded that a prior uncounseled misdemeanor conviction for which the defendant received a suspended sentence or probation that did not result in incarceration could be included in the defendant's criminal history. *State v. Long*, 41 Kan. App. 2d 477, 486, 203 P.3d 45 (2009). Long timely filed a petition for review. While the petition for review was pending, the Kansas Supreme Court decided *Youngblood*, which held that a person accused of a misdemeanor has a Sixth Amendment right to counsel at the stage of the proceedings where guilt is adjudicated if the sentence to be imposed upon conviction includes a term of imprisonment, even if the jail time is suspended or conditioned upon a term of probation. 288 Kan. 659, Syl. ¶ 2. The court further held that an uncounseled misdemeanor conviction obtained in violation of a person's Sixth Amendment right to counsel may not be collaterally used for sentence enhancement in a subsequent criminal proceeding. 288 Kan. 659, Syl. ¶ 3. The Supreme Court granted Long's petition for review and remanded the case to the Court of Appeals for reconsideration in light of *Youngblood* pursuant to Supreme Court Rule 8.03(h)(2) (2009 Kan. Ct. R. Annot. 66).

## PROOF OF CRIMINAL HISTORY

Long first claims the district court erred by overruling his objection to his criminal history. The parties agree this issue involves interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq*. Interpretation of a statute is a question of

law over which an appellate court has unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

We begin our analysis by reviewing the applicable statutes governing the determination of criminal history. All prior convictions must be included in a defendant's criminal history unless they are an element of the present crime, enhance the severity level or applicable penalties, or elevate the classification of the present crime from a misdemeanor to a felony. K.S.A. 21-4710(d)(11). The criminal history worksheet satisfies the State's burden to prove a defendant's criminal history unless the defendant contests the worksheet. K.S.A. 21-4715(b) and (c). If the defendant files a specific and timely objection to the criminal history, the State is required to produce further evidence to establish the disputed portion of the criminal history by a preponderance of the evidence. K.S.A. 21-4715(c).

When determining a defendant's criminal history score, three person-misdemeanor convictions constitute one adult person-felony conviction:

"Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." K.S.A. 21-4711(a).

The issue here is whether Long's prior person-misdemeanor convictions may be considered in the calculation of his criminal history score even though he was not represented by counsel when he was convicted of the misdemeanors.

### RIGHT TO COUNSEL IN MISDEMEANOR CASES

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the right to the assistance of counsel for his or her defense. The Sixth Amendment right to counsel is made applicable to the states through the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 340-45, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963).

In Kansas, a defendant also has a statutory right to counsel in a prosecution in municipal court:

"If the municipal judge has reason to believe that if found guilty, the accused person might be deprived of his or her liberty and is not financially able to employ counsel, the judge shall appoint an attorney to represent the accused person." K.S.A. 12-4405.

Long's argument focuses entirely on his constitutional right to counsel and not on the statutory right. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Walker,* 283 Kan. 587, 594, 153 P.3d 1257 (2007).

In *Argersinger v. Hamlin,* 407 U.S. 25, 33-37, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972), the United States Supreme Court held that in the prosecution for a misdemeanor offense, the right to counsel attaches in any case that actually leads to imprisonment. In this context, imprisonment includes incarceration in a county jail. In *Scott v. Illinois,* 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979), the Court held that a defendant has no right to appointed counsel in a misdemeanor case when the defendant receives a fine instead of a jail term at sentencing, even if the governing statute authorizes a jail sentence. According to the Court, whether actual imprisonment occurred defines the constitutional right to appointment of counsel in misdemeanor cases. 440 U.S. at 373-74. Thus, under *Scott* and *Argersinger,* the Court articulated an "actual imprisonment" rule for the necessity of appointed counsel in misdemeanor cases.

In *Nichols v. United States,* 511 U.S. 738, 128 L. Ed. 2d 745, 114 S. Ct. 1921 (1994), the defendant was convicted of conspiracy to distribute cocaine and his sentence was enhanced based on a prior uncounseled misdemeanor conviction for which no prison term had been imposed. The Court held that, consistent with the Sixth and Fourteenth Amendments, if an uncounseled misdemeanor conviction is valid under *Scott* because no prison term was imposed, then the conviction also may be used to enhance a later sentence. 511 U.S. at 748-49.

In *State v. Delacruz,* 258 Kan. 129, 899 P.2d 1042 (1995), the Kansas Supreme Court embraced the actual imprisonment rule for uncounseled misdemeanors used to establish a defendant's criminal history under the KSGA. In *Delacruz,* the defendant pled guilty to a felony, and his criminal history worksheet included three prior

misdemeanor battery convictions. For two of the misdemeanor convictions, the court imposed a fine and no jail sentence. On the third misdemeanor conviction, however, the court imposed a fine and a sentence of 90 days in jail. 258 Kan. at 130-31.

Noting that two of the misdemeanor convictions were valid under *Scott* because the defendant did not serve any prison time, the court held that those convictions could be used to determine the defendant's criminal history under the sentencing guidelines. 258 Kan. at 135. For the misdemeanor conviction that resulted in jail time, the Supreme Court remanded for the district court to determine whether the defendant had counsel or waived his right to counsel. The court held that unless the State could produce evidence that the defendant was either represented by counsel or waived counsel, the conviction was unconstitutional under *Scott* and could not be used in the defendant's criminal history. 258 Kan. at 136.

In *State v. Allen*, 28 Kan. App. 2d 784, 20 P.3d 747 (2001), the defendant claimed he had received ineffective assistance of counsel at sentencing. To resolve this issue, the court analyzed whether three prior misdemeanor battery convictions were properly included in the defendant's criminal history. In one of the prior convictions, the defendant had been ordered to and did serve jail time. In the other two prior convictions, the defendant had received a suspended sentence or probation and did not serve jail time. The court concluded that the prior conviction that resulted in jail time could not be counted for enhancement because the record did not show that the defendant had been represented by counsel or waived his right to counsel. 28 Kan. App. 2d at 789-91. As for the other two convictions, the court held that an uncounseled misdemeanor conviction involving a suspended sentence or probation that does not result in incarceration may be included in a defendant's criminal history under the KSGA, even though the conviction has the effect of enhancing the defendant's sentence under the guidelines. 28 Kan. App. 2d at 789.

Following these cases, the United States Supreme Court decided *Alabama v. Shelton*, 535 U.S. 654, 152 L. Ed. 2d 888, 122 S. Ct. 1764 (2002). In *Shelton*, the defendant was convicted of a

misdemeanor and sentenced to serve 30 days in the county jail. However, the court suspended the sentence and placed the defendant on 2 years' unsupervised probation, conditioned on his payment of court costs, a fine, reparations, and restitution. The defendant appealed his conviction and sentence, claiming a violation of his Sixth Amendment rights and arguing that his suspended sentence triggered his right to appointed counsel even though he remained on probation and had not been deprived of his liberty. The Alabama Supreme Court agreed and reasoned that a suspended sentence constitutes a "term of imprisonment" within the meaning of *Argersinger* and *Scott* even though incarceration is not immediate or inevitable. 535 U.S. at 659. The Alabama court affirmed the defendant's conviction and the monetary portion of his punishment but invalidated that aspect of the defendant's sentence imposing suspended jail time. 535 U.S. at 659-60.

The United States Supreme Court affirmed the decision of the Alabama Supreme Court and held that a suspended sentence that may result in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded " 'the guiding hand of counsel'." in the prosecution for the crime. 535 U.S. at 658. In such an instance, the Court concluded the defendant is entitled to appointed counsel at the critical stage when his or her guilt or innocence of the charged crime is decided and vulnerability to imprisonment is determined. 535 U.S. at 674.

The Kansas Supreme Court analyzed the impact of *Shelton* in *Youngblood*. In *Youngblood*, the State charged the defendant with felony possession of marijuana based on a prior conviction of the same offense in municipal court. The defendant filed a motion to dismiss the felony charge. He argued that because the municipal court conviction was uncounseled and he had not waived his right to counsel, its use to enhance the current charge to a felony violated his Sixth Amendment right to counsel. The State conceded that the prior conviction was uncounseled but argued that the defendant had waived his right to counsel in municipal court. 288 Kan. at 660.

The district court conducted a hearing on the motion to dismiss and heard testimony from the municipal court judge, who stated

that it was his practice to always discuss waiver of the right to counsel with defendants, but he had no independent recollection of the actual waiver discussion with this particular defendant. The municipal court judge also testified that he had sentenced the defendant to 6 months in jail on the possession of marijuana charge, but that he had placed the defendant on probation at the initial sentencing. 288 Kan. at 661. Ultimately, the district court denied the motion to dismiss. The district court interpreted the case law as requiring the actual service of jail time to trigger the Sixth Amendment right to counsel. Additionally, the district court found that the defendant had properly waived his right to counsel in municipal court. 288 Kan. at 661.

On appeal, the Kansas Supreme Court reversed. The court initially determined that the State has the burden of showing that an accused was advised of his or her right to counsel, either retained or appointed, and that the waiver of counsel was knowingly and intelligently made. Furthermore, the court noted that an accused's waiver of the right to counsel may not be presumed from a silent record. 288 Kan. at 662. The court reviewed the evidence and determined that the State had failed to carry its burden of proving that the defendant was advised in municipal court of his right to counsel and that a waiver of counsel was knowingly and intelligently made. 288 Kan. at 665.

Next, the court considered the use of the defendant's uncounseled misdemeanor conviction to enhance the current charge to a felony. The court determined the defendant was entitled to counsel when the municipal court found him guilty and sentenced him to a jail term, even though the jail time was suspended or conditioned upon a term of probation. The court found that the denial of the right to counsel rendered the defendant's misdemeanor conviction in municipal court unconstitutional under the Sixth Amendment. Accordingly, the court concluded that the unconstitutional misdemeanor conviction could not be collaterally used in district court to enhance the defendant's current charge to a felony. 288 Kan. at 670.

APPLICATION OF *YOUNGBLOOD*

Returning to our facts, Long's municipal court sentences for his

battery convictions are somewhat difficult to understand. Long was fined for each of his convictions, and the fines were suspended or reduced provided that payments were made in a timely manner. The municipal court did not impose a jail sentence upon Long for any of his convictions. However, Long's sentence in each case referred to a 1-year probation, which was more akin to a suspended sentence since the court never imposed jail time. It is undisputed that the State failed to establish that Long's municipal court convictions were counseled or that there was a waiver of counsel at the time his guilt was determined.

Pursuant to *Youngblood*, a person accused of a misdemeanor has a Sixth Amendment right to counsel at the stage of the proceedings where guilt is adjudicated if the sentence to be imposed upon conviction includes a term of imprisonment, even if the jail time is suspended or conditioned upon a term of probation. 288 Kan. 659, Syl. ¶ 2. Kansas has not abandoned the "actual imprisonment" rule, but the Supreme Court has determined that a suspended sentence or probation constitutes a term of imprisonment within the meaning of the rule, in accordance with the United States Supreme Court ruling in *Shelton*. Whether the defendant actually serves any time in jail is not the test to determine when the defendant is entitled to counsel. Here, Long's sentence in each misdemeanor case included a 1-year probation. Because Long was sentenced to probation without counsel or having waived counsel at the time his guilt was adjudicated, his misdemeanor battery convictions were obtained in violation of his Sixth Amendment right to counsel. According to *Youngblood*, Long's unconstitutional convictions may not be collaterally used for sentence enhancement or scored in his criminal history. See 288 Kan. 659, Syl. ¶ 3.

The State attempts to distinguish Long's case from *Youngblood*. In *Youngblood*, the defendant initially received an underlying jail sentence, which was suspended with probation. 288 Kan. at 670. Long received probation as well, but the district court never specified the underlying jail term. However, this distinction is insignificant. *Youngblood* makes it clear that a person accused of a misdemeanor has a Sixth Amendment right to counsel at the stage of the proceedings where guilt is adjudicated if the sentence to be

imposed upon conviction includes a term of imprisonment, even if the jail time is *suspended* or conditioned upon a term of *probation*. Had Long received only a fine without any term of probation, his misdemeanor convictions would not have triggered his constitutional right to counsel. But because Long was placed on probation in each misdemeanor case, he was entitled to counsel at the stage of the proceedings where his guilt was adjudicated, even though his incarceration was not immediate or inevitable. See 288 Kan. 659, Syl. ¶ 2; *Shelton*, 535 U.S. at 659-60.

In summary, because Long was sentenced to probation in No. 95 MCR 1386 and No. 96 MCR 0061 without counsel or having waived counsel at the time his guilt was adjudicated, his misdemeanor battery convictions were obtained in violation of his Sixth Amendment right to counsel and should not have been scored in his criminal history. We do not need to address whether Long's uncounseled misdemeanor convictions resulted in incarceration when he was subsequently ordered to serve jail time for contempt of court. Also, we do not reach Long's claim that his constitutional rights were violated because his criminal history was not proven to a jury beyond a reasonable doubt. Long's sentence is vacated, and the case is remanded for resentencing without including his misdemeanor battery convictions in his criminal history score.

Vacated and remanded.