(257 P.3d 792)
Nos. 103,969
103,970
103,999

STATE OF KANSAS, *Appellee*, v. JEFFREY LONG, *Appellant*.

Opinion filed May 20, 2011.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MARQUARDT, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.: Jeffrey Long challenges whether he should be required to pay the BIDS application fee twice, once when he was originally charged with a crime and again when faced with a probation revocation proceeding in the same case. Because we hold that the BIDS application fee is not authorized in the case of a probation revocation proceeding, we vacate that part of Long's sentence.

Long had three separate criminal cases. He applied for a court-appointed attorney in each case and was assessed the $100 BIDS application fee in each case, for a total of $300. After he was convicted and placed on probation, the State filed motions to revoke Long's probation in each case. He again filed a financial affidavit for court-appointed counsel. The district court appointed counsel and assessed the $100 BIDS application fee for each case, for a total of $300.

On appeal, Long argues that the district court erred in assessing the fee twice in each case. Long did not object to the assessments at the time they were imposed. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). However, this court may address the issue because it is a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Schroeder*, 279 Kan. 104, 116, 105 P.3d 1237 (2005).

Our analysis requires interpretation of the BIDS application fee statute and the statutes mandating appointment of counsel. Interpretation of a statute is a question of law over which this court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

The district court's authority to assess BIDS application fees derives from K.S.A. 22-4529, which provides that "[a]ny defendant entitled to counsel pursuant to K.S.A. 22-4503 . . . shall pay an application fee in the amount of . . . $100."

K.S.A. 22-4503(a) requires that any defendant charged "in a complaint, information or indictment with any felony is entitled to have the assistance of counsel at every stage of the proceedings."

Long asserts that a probation revocation hearing is simply another stage in the original criminal prosecution and not a new or different proceeding, prohibiting the district court from ordering more than a single BIDS application fee in each of his cases.

The State argues that a probation revocation is not a continuation of the original criminal prosecution but is instead a separate proceeding following a conviction. In addition, the State asserts that because Long had to file another financial affidavit in order to

obtain legal counsel for his probation revocation hearings, he is responsible for the additional application fee.

We agree with the State that a probation revocation hearing is not a stage of the criminal prosecution. See *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 (2002). However, that does not end our analysis.

The BIDS application fee is only mandated in cases in which the defendant is entitled to counsel under K.S.A. 22-4503. Because we have found that a probation revocation is not a stage of the criminal prosecution, a defendant facing probation revocation proceedings is not entitled to court-appointed counsel under K.S.A. 22-4503. Instead, the right to court-appointed counsel in probation revocation proceedings is specifically provided in K.S.A. 22-3716(b). Because K.S.A. 22-3716 is not cited in K.S.A. 22-4529 as a situation in which the BIDS application fee is assessed, defendants who are facing probation revocation proceedings and apply for court-appointed counsel are not required to pay the BIDS application fee.

We vacate that portion of Long's sentence requiring him to pay a second BIDS application fee in each case.