NOT DESIGNATED FOR PUBLICATION

No. 112,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARMANDO MARTINEZ, JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed October 23, 2015. Affirmed in part, vacated in part, and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Christopher W.D. Lyon*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

LEBEN, J.: Armando Martinez, Jr., pled no contest to felony theft after stealing two air guns from a local store. Because he had three prior misdemeanor convictions for offenses against a person, his guideline sentence on the felony-theft charge was greater than it otherwise would have been.

Martinez argued that the district court sentencing him for theft should not have considered one of these misdemeanor convictions; Martinez said he didn't properly waive his right to an attorney in that case. But Martinez signed a written waiver of his right to

counsel. While he argues that someone should have advised him that the conviction might someday increase his sentence if he committed another crime, a defendant need not be told all the potential consequences of a conviction before deciding whether to waive the right to counsel.

At sentencing, the district court also ordered that Martinez pay a $100 application fee for the appointment of an attorney to represent him. Although the district court has the discretion to waive that fee, both parties agree that the district court mistakenly believed it lacked that discretion. We therefore vacate the assessment of the $100 fee and remand the case for further consideration on that issue; we otherwise affirm the district court's judgment.

ANALYSIS

Most Kansas felony sentences are based on guidelines set out by statute. The guidelines sentence for an offense is based on the severity level of the offense and the criminal-history score of the offender. The more severe the offense, the greater the potential prison sentence. Similarly, the greater the defendant's criminal-history score, the greater the potential prison sentence. See K.S.A. 2014 Supp. 21-6804(a); *State v. Pearce*, 51 Kan. App. 2d 116, 118, 342 P.3d 963, *rev. denied* 301 Kan. ___ (August 20, 2015).

When calculating the criminal-history score, the potential sentence goes up if the person's past convictions are felonies or if they were person offenses (traditionally meaning offenses against the body of another person, now categorized by statute). In addition, if a defendant has three person misdemeanors, K.S.A. 2014 Supp. 21-6811(a) treats that as if the defendant had committed one person felony, thus resulting in a greater potential punishment. In this appeal, Martinez argues that the district court should not have considered one of the three person misdemeanors—a 2013 domestic-battery conviction—because he didn't knowingly waive his right to an attorney in that case. If

2

that conviction had been excluded, Martinez' presumptive sentence under the guidelines would have been shorter.

Generally, all of a person's past convictions are considered when determining the person's criminal-history score. K.S.A. 2014 Supp. 21-6810(d)(9); *Pearce*, 51 Kan. App. 2d at 120. But a conviction cannot be considered if it was obtained in violation of a defendant's right to counsel under the Sixth Amendment to the United States Constitution. *State v. Long*, 43 Kan. App. 2d 328, 336, 225 P.3d 754 (2010). That's the claim Martinez is trying to make here.

Generally, a criminal defendant who cannot afford an attorney has a right to an attorney furnished by the government if conviction would lead to imprisonment or probation with an underlying prison sentence. *Alabama v. Shelton*, 535 U.S. 654, 657-58, 661-62, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002); *State v. Tims*, 301 Kan. ___, 355 P.3d 660, 664 (2015). A defendant can waive this right, but the State generally must show that the defendant was advised of the right to counsel and that the defendant's waiver was knowingly and intelligently made. *State v. Youngblood*, 288 Kan. 659, 662, 206 P.3d 518 (2009).

Here, the State provided the district court with a written waiver and plea form—headed "WAIVER OF RIGHT TO COUNSEL AND TRIAL"—signed by Martinez. In it, Martinez acknowledged that he had a right to have a trial and that if he couldn't afford a lawyer, one would be appointed to represent him. The waiver portion of the form concluded: "Having considered the foregoing and in spite of the Court's admonitions of disadvantages of self-representation, I nevertheless waive and give up my right to a lawyer and a trial and plead _____ GUILTY or ___✓___ NO CONTEST to the charge(s)."

3

Below that was a statement from the municipal judge, affirming that the judge had told Martinez of his right to counsel and that Martinez had then signed the form in front of her:

> "I hereby certify that that above named person has been fully informed of the charges against him or her and of his or her right to have counsel, either retained or appointed, to represent the accused at the proceedings before this Court and that the accused has executed the above waiver in my presence, after its meaning and effect have been fully explained to the accused on the above date."

The statements of Martinez and the judge on this form met the traditional requirements for a proper waiver of the right to an attorney. See *State v. Hughes*, 290 Kan. 159, Syl. ¶ 4, 224 P.3d 1149 (2010); *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 208, 708 P.2d 977 (1985).

Even so, Martinez argues that the waiver isn't valid unless the defendant is told of all the potential consequences. Since no one told him that this person-misdemeanor conviction could be grouped with two earlier person-misdemeanor convictions when determining his criminal-history score in the future, he argues that his waiver wasn't knowingly and intelligently made.

Martinez cites no case holding that an attorney waiver is invalid if the judge in that case fails to advise the defendant of potential consequences in the event the defendant commits another crime. In this case, of course, if Martinez had not committed new crimes in May 2014, the potential consequence of the attorney waiver and plea he entered in March 2013 would not matter.

In other cases, our court has found written attorney waivers sufficient even though the defendants weren't advised of all of the collateral consequences that might occur in the future. *E.g.*, *State v. Myers*, No. 102,800, 2010 WL 4393944, at *4 (Kan. App. 2010)

4

(unpublished opinion); *State v. Flores-Picasso*, No. 100,602, 2009 WL 2436686, at *3-4 (Kan. App. 2009) (unpublished opinion). Courts elsewhere have agreed. *E.g.*, *United States v. Edwards*, 911 F.2d 1031, 1034-35 (5th Cir. 1990); *State v. Majeres*, 722 N.W.2d 179, 183 (Iowa 2006); *Craft v. State*, 2011 WY 142, ¶¶ 14-15, 262 P.3d 1253 (2011). Similarly, our court has held that a plea is knowingly entered even though the defendant has not been told what effect the plea may have on his or her criminal-history score if the defendant commits new offenses. *State v. Barahona*, 35 Kan. App. 2d 605, Syl. ¶ 6, 132 P.3d 959, *rev. denied* 282 Kan. 791 (2006). The district court correctly held that Martinez' waiver of counsel was valid; accordingly, the court correctly calculated Martinez' criminal-history score.

Martinez does raise one other issue on appeal—that the district court failed to exercise its discretion when considering whether to assess the $100 application fee for Martinez' request to have court-appointed counsel in this case. The issue was not raised in the district court, but the Kansas Supreme Court and our court have considered this issue routinely on appeal in the interest of justice. *E.g.*, *State v. Casady*, 289 Kan. 150, 152, 210 P.3d 113 (2009); *State v. Robinson*, 281 Kan. 538, 541, 132 P.3d 934 (2006); *State v. Long*, 45 Kan. App. 2d 938, 939, 257 P.3d 792 (2011); *State v. Osuna*, No. 111,206, 2014 WL 5347584, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (July 24, 2015).

Both Martinez and the State agree on appeal that the district court has discretion about whether to assess this fee. K.S.A. 2014 Supp. 22-4529 provides that the defendant pay the fee unless "it appears to the satisfaction of the court that payment of the application fee will impose manifest hardship on the defendant," in which case the court "may waive payment of all or part of the application fee." The district court is to make this determination based on the defendant's financial affidavit and any other available evidence. *State v. Hawkins*, 285 Kan. 842, 852-53, 176 P.3d 174 (2008).

5

The parties also recognize that the district court here mistakenly thought it had no discretion. (We note that no one corrected the court at sentencing.) The district court did not assess attorney fees, but it did assess the $100 application fee after stating, "I don't think I can waive that . . . ." Based on the court's statement, we conclude that it did not exercise the discretion it was given. Accordingly, the proper course is to vacate its assessment of the application fee and to remand for the court to reconsider the matter, applying its discretion.

We vacate the district court's assessment of the $100 application fee for appointed counsel. We otherwise affirm the district court's judgment and remand the case for reconsideration of the assessment of the application fee.