NOT DESIGNATED FOR PUBLICATION

Nos. 121,200
121,201

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAUL REYES BELTRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 18, 2020. Sentences vacated, and cases remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Crystal French*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: This is a consolidated appeal by Raul Reyes Beltran of his sentences in two separate cases. Because we hold the district court used an incorrect criminal history score when it passed sentence, we vacate Beltran's sentences in both cases and remand for resentencing.

In the first case, 18-CR-455, Beltran pleaded no contest to possession of methamphetamine. At sentencing, the court set Beltran's criminal history score as B. That

1

score was based in part on three person misdemeanor convictions in municipal court. The court had converted those three convictions into a single person felony when it decided his criminal history score. The score also depended on Beltran's criminal threat conviction in 18-CR-739, the other case consolidated in this appeal.

For his drug crime, with a criminal history score of B and a severity level 5 felony conviction, Beltran's presumptive prison sentence under our sentencing guidelines was 32-34 months. Beltran requested—and the district court imposed—a dispositional departure, so Beltran was released on 12 months' probation with an underlying 34-month prison sentence that he would have to serve if he could not complete probation.

In the next case, case No. 18-CR-739, the State charged Beltran in the alternative with criminal threat by either an intentional or reckless mental state. Beltran pleaded no contest. Beltran's criminal history score was again based in part on the three person misdemeanor convictions from municipal court.

With a criminal history score of C and a severity level 9 felony for the criminal threat conviction, Beltran's presumptive sentence was 12 months' probation and a 12-month prison sentence. The court imposed that sentence and ordered it to be served consecutive to the sentence in 18-CR-455. This sentence was not a departure sentence.

Things did not go smoothly. In February 2019, the State moved to revoke Beltran's probation in both cases. The State alleged Beltran:
 (1) failed to obtain a substance abuse evaluation and follow its recommendations;
 (2) disregarded previously imposed sanctions;
 (3) failed to refrain from assaultive behavior, violence, or threats of violence;
 (4) failed to submit to drug tests; and
 (5) failed to refrain from possession or consuming alcohol.

The court took evidence on the two motions and revoked Beltran's probation in both cases. It found that Beltran had:

- continued using drugs and alcohol while on probation;
- made a threat to other patients at detox treatment, though it did not make the patients fear for their safety;
- made a separate violent, angry statement during detox treatment;
- been unsuccessfully discharged from detox treatment for noncompliance and behavioral issues; and
- behavioral issues while meeting with his probation officer.

This appeal does not concern the court's findings, but it centers on what the court did next. The court found that it had statutory authority to bypass intermediate sanctions because Beltran's probation sentences resulted from dispositional departures. In both cases, the district court revoked probation and imposed the prison sentences. By marking certain boxes in the journal entries of the revocation hearing, the court stated that it was revoking probation because of its concerns for public safety and for the offender's welfare. The court concluded that Beltran was not amenable to probation.

In his appeal, Beltran raises different claims in the two cases. He first challenges the revocation of his probation in 18-CR-739—the criminal threat case. He contends that the district court erred by relying on the dispositional departure exception to bypass intermediate sanctions because his presumptive guidelines sentence in that case was probation. This means there was no departure. He then argues that the district court erred by also relying on a public safety or offender welfare finding to bypass intermediate sanctions because the court failed to make the particularized findings required under K.S.A. 2018 Supp. 22-3716(c)(9)(A).

3

The State concedes that it was improper for the court to rely on the dispositional departure exception, and it acknowledges that revocation was proper only if the court made the particularized findings required by the statute.

After that, Beltran challenges his criminal history score in two ways. He first argues that the State failed to prove that his three person misdemeanors from municipal court could be used for criminal history purposes. He claims that there is no evidence he had counsel when he was convicted of those crimes.

Beltran then argues that the district court erred by using his criminal threat conviction in 18-CR-739 to calculate his criminal history score in 18-CR-455—the other case in this appeal. This argument stems from the recent Kansas Supreme Court holding that the "reckless disregard" portion of the criminal threat statute was unconstitutionally vague. Thus, under K.S.A. 2019 Supp. 21-6810(d)(9), prior convictions of a crime that have since been determined unconstitutional by an appellate court cannot be used for calculating criminal history scores. See *State v. Boettger*, 310 Kan. 800, Syl. ¶ 3, 450 P.3d 805 (2019), *cert denied* 140 S. Ct. 1956 (2020).

Even though Beltran did not challenge the inclusion of his municipal court misdemeanor convictions or his criminal threat conviction in his criminal history, a defendant may raise a legal challenge to the classification of a prior conviction or adjudication to lower a criminal history score for the first time on appeal under K.S.A. 2019 Supp. 22-3504(a). See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). That law allows a court to "correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 2019 Supp. 22-3504(a). A challenge to a criminal history calculation essentially raises a claim that the imposed sentence is illegal because it "does not conform with the applicable statutory provision regarding the term of punishment authorized for the current conviction." 301 Kan. at 1034.

We look first at the municipal court convictions as they were used to set Beltran's criminal history score in both cases. We are mindful of the fact that when the record on appeal lacks substantial evidence to support a district court's classification of a prior conviction or the inclusion of a prior conviction in an offender's criminal history, a remand is needed to allow the district court to determine the propriety of including the prior conviction in the offender's criminal history. See *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019).

Beltran asks us to follow the ruling in *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019). Obregon challenged the district court's classification of a prior Florida battery conviction as a person crime. When *Obregon* was decided, to be scored as a person crime, a prior out-of-state conviction must have elements identical to or narrower than a Kansas person crime according to *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

But the Florida statute contained two other ways to commit a battery, only one of which would be scored as a person offense in Kansas. The PSI report, the only item in the record establishing the conviction as part of Obregon's criminal history, did not show which version of the offense the defendant had committed. Thus, our Supreme Court held that the record did not support the district court's classification as a person crime. The court remanded the matter for resentencing so that the district court could determine the appropriate classification. The court noted that the State would have the burden to prove Obregon's criminal history by a preponderance of the evidence at that hearing. *Obregon*, 309 Kan. at 1275-76.

This court has since applied the *Obregon* ruling when a defendant challenges the inclusion, rather than the classification, of a prior offense for criminal history purposes. See *State v. Anderson*, No. 121,640, 2020 WL 6371059, at *5 (Kan. App. 2020); (unpublished opinion); *State v. McKoy*, No. 121,636, 2020 WL 5739730, at *2 (Kan.

5

App. 2020) (unpublished opinion); *State v. Arnold*, No.121,543, 2020 WL 5740900, at \*2 (Kan. App. 2020) (unpublished opinion).

The defendants in those cases challenged the inclusion of prior criminal threat convictions in their criminal history scores because the Kansas Supreme Court had held in *Boettger* that the "reckless disregard" portion of the criminal threat statute was unconstitutional. The defendants relied on K.S.A. 2019 Supp 21-6810(d)(9), which prohibits a district court from using a prior conviction "that has since been determined unconstitutional by an appellate court" to calculate criminal history. The PSI report in those cases was the only item in the record establishing the criminal threat conviction as part of the defendants' criminal history, and it did not show whether the conviction was for reckless criminal threat (which could not be used for criminal history purposes) or intentional criminal threat (which could).

The panels applied *Obregon* in each case, holding that the record did not support the inclusion of the prior conviction, and remanded to the district court for the State to meet its burden of proving whether each criminal threat conviction was properly included in the criminal history score. *Anderson*, 2020 WL 6371059 at \*4-5; *McKoy*, 2020 WL 5739730 at \*2-3; *Arnold*, 2020 WL 5740900 at \*2-3.

But Beltran focuses on his right to counsel. He argues that when the right to counsel attaches to a municipal court proceeding, unless the defendant was represented by counsel or waived the right, a conviction in the case is unconstitutional and cannot be used for criminal history purposes. See *State v. Long*, 43 Kan. App. 2d 328, 337, 225 P.3d 754 (2010) (applying *State v. Youngblood*, 288 Kan. 659, 206 P.3d 518 [2009]). The PSI report here is the only item in the record establishing Beltran's municipal court convictions, and it does not show whether (1) he was represented by counsel for that conviction, (2) he waived the right to counsel, or (3) the right to counsel did not attach because he faced only a fine, not imprisonment.

Beltran asks us to apply the *Obregon* ruling and hold that the record does not support the inclusion of these convictions in his criminal history score. Thus, he asks this court to remand for resentencing, thus requiring the State to meet its burden of proving whether the convictions were properly included in his criminal history score. After all, the State bears the burden of proving a defendant's criminal history by a preponderance of the evidence. *Obregon*, 309 Kan. 1267, Syl. ¶ 4.

We are persuaded to grant Beltran relief on this point and vacate his sentences in both cases. In *Obregon* and in the criminal threat cases, a prior conviction could not be either classified as a person crime or included in a criminal history score unless there was some proof in the record of certain facts. In *Obregon*, there needed to be proof of whether the prior out-of-state conviction had elements identical to or narrower than a Kansas person crime. In the criminal threat cases, there needed to be proof of whether the defendant was convicted of intentional, not reckless, criminal threat. And here, there needed to be proof of whether Beltran's right to counsel in his municipal court misdemeanor cases was not violated.

In *Obregon* and the criminal threat cases, the PSI report did not show whether that condition was met, so the State had not met its burden of establishing criminal history by a preponderance of the evidence. The same is true here. Beltran's PSI report does not show whether his right to counsel was violated, so the State did not meet its burden of establishing criminal history. Based on that, the appropriate action is to vacate Beltran's sentence and remand for resentencing; as in *Obregon*, at resentencing, the State would have the burden to prove that the misdemeanor convictions are properly included by a preponderance of the evidence. See *Obregon*, 309 Kan. at 1275-76.

The State offers two points in opposition. First, it argues that this issue is not properly before us because Beltran raised it for the first time on appeal and did not object to the inclusion of these convictions in the district court, despite having a chance to do so

twice. But a defendant may raise a challenge to the legal significance of a prior conviction to lower a criminal history score for the first time on appeal under K.S.A. 2019 Supp. 22-3504(a). See *Dickey*, 301 Kan. at 1034. We note also that Beltran does not challenge the existence of his municipal court convictions—just their legal significance for calculating his criminal history score.

For its second argument, the State contends that Beltran has not met his burden of designating a record on appeal showing the error he complains of because he has furnished no evidence suggesting that his right to counsel was violated in the municipal court cases. This is an argument rejected by our Supreme Court, which has said that the "basic premise" of this argument is "flawed" because it is the State, not the defendant, that has the burden to establish criminal history. *Ewing*, 310 Kan. at 359. Any deficiencies in this record are the responsibility of the State, not Beltran's.

Moving on, our review of the record convinces us that the State did not present sufficient evidence that Beltran's criminal threat conviction was intentional and not the unpermitted reckless threat voided by our Supreme Court.

In his supplemental brief, Beltran challenges the inclusion of his criminal threat conviction in 18-CR-739 for calculating his criminal history score in 18-CR-455—the drug conviction. As we pointed out, the Supreme Court held that the "reckless disregard" portion of the criminal threat statute was unconstitutional, and K.S.A. 2019 Supp. 21-6810(d)(9) prohibits a district court from using a prior conviction that has since been determined unconstitutional by an appellate court to calculate criminal history. In Beltran's view, the record does not show whether he was found guilty of reckless criminal threat or intentional criminal threat. Thus, the State failed to carry its burden under *Obregon* and a remand is therefore required.

Since we are vacating the sentences in both cases and remanding for resentencing, we cannot speculate what evidence will be presented by the State at the new sentencing hearing. And we will not offer an advisory opinion on this point. Obviously, the State at that hearing will have to present evidence that Beltran's criminal threat conviction was intentional and not reckless if it intends to use it to enhance Beltran's criminal history score.

We need not address Beltran's complaints about the sentencing court's lack of sufficient findings to bypass intermediate sanctions since we are vacating that sentence as well. The issue is moot.

We vacate Beltran's sentences in both cases and remand for resentencing.